FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID S.,<br><br>        Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 1:17-CV-3135-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 14 and 18. This matter was submitted for consideration without oral argument. The plaintiff is represented by Attorney Thomas Bothwell. The defendant is represented by Special Assistant United States Attorney Sarah L. Martin. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 14, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 18.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT-1

## JURISDICTION

Plaintiff David S. protectively filed for supplemental security income on June 2, 2014, alleging an onset date of November 1, 2011. Tr. 145-59. At the hearing, Plaintiff amended the alleged onset date to June 2, 2014. Tr. 41. Benefits were denied initially (Tr. 85-92) and upon reconsideration (Tr. 96-100). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ M.J. Adams on March 4, 2016. Tr. 37-64. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ denied benefits (Tr. 20-36) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and, therefore, only the most pertinent facts are summarized here.

Plaintiff was 36 years old at the time of the hearing. Tr. 41. He testified that he stopped going to school in 11th grade and was in special education classes. Tr. 45-46. He entered Job Corps after he left high school, but did not complete the Job Corps program. Tr. 46-47, 58. Plaintiff has lived with his mother his whole life, and she pays his bills. Tr. 42, 47, 51. He has work history as an apple sorter and dishwasher; but the ALJ determined that Plaintiff has no past relevant work. Tr. 42-44. He testified that he was "laid off" from jobs because he wasn't fast enough

and left the dishes dirty. Tr. 43-45. Plaintiff's mother testified that Plaintiff's dishwashing job ended because he cannot follow instructions and did not clean the dishes properly. Tr. 52-54. Plaintiff alleges disability due to "mental retardation" and traumatic brain injury. *See* Tr. 85.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 2, 2014, the application date. Tr. 25. At step two, the ALJ found Plaintiff has the severe impairment of intellectual disability. Tr. 25. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 25. The ALJ then found that Plaintiff has the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform simple, routine tasks and follow short, simple instructions; he can do work that needs little or no judgment; he can perform simple duties that can be learned on the job in a short period of less than 30 days; he can respond appropriately to supervision, but he should not be required to work in close coordination with coworkers where teamwork is required; he can deal with occasional changes in the work environment; and he has some difficulty working directly with the public but could work in jobs that require only occasional exposure to or interaction with the general public.

Tr. 27. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 30. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 31. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since June 2, 2014, the date the application was filed. Tr. 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT-7

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 14. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;
2. Whether the ALJ improperly discredited Plaintiff's symptom claims;
3. Whether the ALJ properly weighed the lay witness testimony; and
4. Whether the ALJ erred at step five.

**DISCUSSION**

**A. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's

opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester,* 81 F.3d at 830–831). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted). Plaintiff argues the ALJ erroneously considered the opinions of examining psychologist Mark Duris, Ph.D.; reviewing psychologist Dana Harmon, Ph.D.; "affiliate psychologist" Arch Bradley; and treating provider Darin Principe, ARNP. ECF No. 14 at 7-11.

*1. Mark Duris, Ph.D.*

In May 2014, Dr. Duris examined Plaintiff and completed a psychological evaluation. Tr. 342-47. Dr. Duris opined that Plaintiff had marked limitations in his ability to (1) understand, remember, and persist in tasks by following very short and simple instructions; (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (3) learn new tasks; (4) perform routine tasks without special supervision; (5) adapt to changes in a routine work setting; (6) complete a normal work day and work week without interruptions from psychologically based symptoms; (7) and set realistic goals and plan independently. Tr. 345. Dr. Duris rated the overall severity based on the combined impact of all the diagnosed mental

impairments as "marked." Tr. 345. The ALJ granted Dr. Duris's opinion little weight, and noted it was "unreliable and not accurate." Tr. 29-30. Because Dr. Duris's opinion was contradicted by Dr. Gerald L. Peterson, Tr. 71-74, and Dr. Renee Eisenhauer, Tr. 81-84, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Duris's opinion. *Bayliss*, 427 F.3d at 1216.

First, the ALJ found a "disparity between the mental examination findings and the functional ratings showed that Dr. Duris considered [Plaintiff's] self-reports substantially, which [the ALJ did] not view to be consistent with the record." Tr. 30. An ALJ may reject a physician's opinion if it is based "to a large extent" on Plaintiff's self-reports that have been properly discounted as not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see also Bayliss*, 427 F.3d at 1216 ("discrepancy" between a treating provider's clinical notes and that provider's medical opinion is an appropriate reason for the ALJ to not rely on that opinion regarding the claimant's limitations). Plaintiff argues the ALJ did not adequately explain how he reached this conclusion. ECF No. 14 at 8. The Court agrees. "When explaining his [or her] reasons for rejecting medical opinion evidence, the ALJ must do more than state a conclusion, rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and

conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

Defendant argues the ALJ "reasonably inferred that Dr. Duris relied mostly on [Plaintiff's] unsupported claims in rendering his opinion." ECF No. 18 at 5. In support of this argument, Defendant cites the results of the mental status examination performed by Dr. Duris, which included findings of: normal speech; open and cooperative responses; euthymic mood; and normal thought process and content, orientation, perception, concentration, insight, and judgment. ECF No. 18 at 5 (citing Tr. 346-47). However, in spite of these normal examination findings, it is important to note that Plaintiff is claiming disability based solely on cognitive impairment; and Dr. Duris's mental status evaluation indicated that Plaintiff's cognitive functioning was not within normal limits. . Tr. 347. In addition, Dr. Duris conducted WAIS and WMS-III tests to assess Plaintiff's "cognitive concerns" and "memory concerns," and offered extensive narrative, in the form of clinical findings, to support his opinion. Tr. 343-44. The scores of the tests administered by Dr. Duris included "extremely low range of intellectual functioning"; borderline range in working memory; extremely low range in immediate memory and general memory; extremely low range in auditory learning; and extremely low range in overall delayed memory capabilities. Tr. 343-44. As noted by Plaintiff, presumably based on these test results, Dr. Duris diagnosed Plaintiff with mild mental retardation. Tr. 345. Finally, the Court notes

that Dr. Duris's interview with Plaintiff contains minimal subjective complaints, aside from his report that he had "a history of learning difficulties"; and that when attempting to work in a warehouse sorting apples he "found it hard to learn what to do and he made a lot of mistakes and was slow they told him." Tr. 342. Neither the ALJ, nor the Defendant, offers any evidence that Dr. Duris relied "to a large extent" on Plaintiff's minimal subjective complaints as opposed to the clinical findings cited in his opinion, as discussed in detail above. For all of these reasons, the ALJ failed to provide a specific and legitimate reason, supported by substantial evidence, to reject Dr. Duris's opinion.

Second, the ALJ found "Dr. Duris did not appear to have reviewed historical records, such as the vocational rehabilitation notes documenting [Plaintiff's] ability to learn, follow routines, get along with others, and complete normal workdays in actual jobs." Tr. 30. As an initial matter, as noted by Plaintiff, it is unclear as to how Dr. Duris's lack of access to Plaintiff's vocational rehabilitation records from outside the relevant adjudicatory period impacts his ability to render a medical opinion as to his ability to sustain basic work activities. ECF No. 14 at 8. That said, an ALJ may discount an opinion that is inconsistent with a claimant's reported functioning. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999); *see also Orn*, 495 F.3d at 631 (the consistency of a medical opinion with the record as a whole is a relevant factor in evaluating that medical opinion). In support of this reasoning, in an earlier part of the decision, the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT-12

cited a September 2010 report from Plaintiff's manager that he is a "good worker and learned the routine"; a February 2010 report from a different employer that he was "doing very well"; and Plaintiff's report in September 2011 that yet another employer was "pleased with his work attitude and initiative" and the employer would consider re-hiring him for seasonal work the next year. Tr. 29 (citing Tr. 480, 493, 495, 505). Based solely on this evidence, Defendant contends that the ALJ properly rejected Dr. Duris's opinion as inconsistent with Plaintiff's ability to perform "simple work." ECF No. 18 at 5-6.

However, the Court's review of the record confirms that Plaintiff was not re-hired at the seasonal job after 2011. Moreover, despite initial positive feedback in February and September 2010, Plaintiff was ultimately "let go" from one job a month after he started for being too slow and misplacing items, and Plaintiff himself refused to return to the other job, also a month after he started, after his manager was "rude" and his hours were cut. Tr. 494, 501; *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) ("It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed,* that he did not then experience . . . limitations severe enough to preclude him from *maintaining* substantial gainful employment."). As noted by Plaintiff, after he quit a job in October 2010, vocational rehabilitation records note "if this is the type of work performance and behavior [Plaintiff] is going to continue to display it is going to be extremely difficult for [Plaintiff] to maintain a job." ECF

No. 14 at 9 (citing Tr. 494). In addition, one prospective employer expressed concerns about hiring Plaintiff because he was "not ready for the hard fast pace" of dishwashing at a restaurant. Tr. 448. And another prospective employer indicated that Plaintiff would not be a good fit for a job because he was "too slow and the duties that would be assigned require a person to be fast and [employer] does not feel that [Plaintiff] is up for that." Tr. 437. Thus, the ALJ's finding that Dr. Duris's opinion was "unreliable" due to his lack of access to these vocational rehabilitation records, and any inference of alleged inconsistency between Plaintiff's work activities and Dr. Duris's opinion, is not a specific and legitimate reason to reject Dr. Duris's opinion.

Third, and finally, the ALJ generally notes that "Dr. Duris did not explain or otherwise provide supporting discussion for the basis of the ratings provided." Tr. 30. An ALJ may permissibly reject check box reports that do not contain any explanation of the bases for their conclusions. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *see also See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)("the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."). However, as discussed in detail above, Dr. Duris performed extensive cognitive testing, and "explained how low [Plaintiff's] scores were and what level of difficulty these scores represented." ECF No. 14 at 9.

Thus, this was not a specific and legitimate reason, supported by substantial evidence, to grant Dr. Duris's opinion little weight.

For all of these reasons, the ALJ did not properly consider Dr. Duris's opinion, and it must be reconsidered on remand.

### 2. Additional Opinions [1]

In May 2014, Dana Harmon, Ph.D. reviewed Dr. Duris's opinion, and found his diagnoses, and assessed functional limitations, were supported by the medical evidence, including records that "describe [Plaintiff's] intellectual disability (mental retardation), as evidenced by confusion, poor comprehension, difficulties with social functioning, and 'extremely low' scores on the WAIS and WMS." Tr. 348. The ALJ found Dr. Harmon's opinion was "unhelpful" and granted it little

---

[1] Plaintiff argues the ALJ erred by failing to weigh the opinion of Arch Bradley, M.Ed., who completed a psychological evaluation of Plaintiff in 2009. ECF No.14 at 10 (citing Tr. 404-08). However, the ALJ specifically noted that opinions significantly predating the relevant period would not be considered, because they are not material to the case. Tr. 29 n.1. As noted by Defendant, "[m]edical opinions that predate the alleged onset date of disability are of limited relevance." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Thus, while the medical evidence as a whole should be considered upon remand, the Court finds the ALJ did not err in failing to consider Mr. Bradley's opinion.

weight because it "relied heavily on Dr. Duris' opinion, meaning that the same reasons underscoring [the ALJ's] assessment of Dr. Duris's evaluation apply equally to Dr. Harmon." Tr. 29-30. However, as discussed above, the ALJ erred in considering Dr. Duris's opinion; thus, relying on the same improper reasoning was not a specific and legitimate reason to reject Dr. Harmon's opinion. The Court notes that the ALJ additionally found "there was no opinion given [by Dr. Harmon] about [Plaintiff's] specific function capacity." Tr. 30. Plaintiff argues Dr. Harmon "did not have to give an opinion about specific functional capacities [because he] was a reviewing physician who was supposed to review the evidence for a finding of disability." Tr. 348. However, where a physician's report did not assign any specific limitations or opinions in relation to an ability to work, "the ALJ did not need to provide 'clear and convincing reasons' for rejecting [the] report because the ALJ did not reject any of [the report's] conclusions." *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

Similarly, in June 2015, Darin Principe, ARNP, submitted a two-sentence letter that did not assign any specific limitations, but rather noted that Plaintiff "has a history of developmental and social delays that have prevented him from maintaining regular employment." Tr. 514. The ALJ found this opinion was entitled to no weight because legal conclusions about disability are reserved for the Commissioner. Tr. 29-30. However, the Court is unclear as to whether Mr. Principe's letter addressed Plaintiff's ability to work going forward, or was limited

to Plaintiff's ability to maintain employment historically. Regardless, in light of the need to reconsider Dr. Duris's opinion, the ALJ should reexamine all of the medical evidence upon remand, including opinion evidence deemed relevant.

### B. Additional Assignments of Error

Plaintiff also challenges the ALJ's consideration of Plaintiff's symptom claims and lay witness statements; and the ALJ's conclusions at step three and step five. ECF No. 14 at 11-16. Because the analysis of these questions is dependent on the ALJ's evaluation of the medical evidence, which the ALJ is instructed to reconsider on remand, the Court declines to address these challenges here. On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering the medical opinion evidence.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these

conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Although Plaintiff requests a remand with a direction to award benefits, ECF No. 14 at 16, the Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the overall medical record is minimal; and the ALJ rejected all of the medical opinion evidence, which calls into question whether the ALJ's step three finding, and the assessed RFC, is supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ must reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating these opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from

medical experts. The ALJ should reconsider the credibility analysis, the step three findings, and lay witness testimony. Finally, the ALJ should reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

ACCORDINGLY, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

**DATED** October 15, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT-19